UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CROGA INNOVATIONS LTD., | |
| Plaintiff, | Case No.  1:24-cv-398 |
| v. | **JURY TRIAL DEMANDED** |
| AMAZON WEB SERVICES, INC., | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT
## AGAINST AMAZON WEB SERVICES, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Croga Innovations Limited ("Plaintiff" or "Croga") makes the following allegations against Defendant Amazon Web Services, Inc. ("Defendant" or "AWS"):

## INTRODUCTION

1.      This complaint arises from AWS' unlawful infringement of the following United States patent owned by Plaintiff, which relates to improvements in computer networking systems: United States Patent No. 10,601,780 ("the '780 Patent" or the "Asserted Patent").

## PARTIES

2.      Plaintiff Croga Innovations Limited is a private company limited by shares organized and existing under the laws of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.  Croga is the sole owner by assignment of all rights, title, and interest in the Asserted Patent, including the right to recover damages for past, present, and future infringement.

3.      On information and belief, Defendant Amazon Web Services, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109-5210, U.S.A.  AWS is registered to do business in the State of Texas and may be served through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over AWS in this action because AWS has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over AWS would not offend traditional notions of fair play and substantial justice.  AWS maintains several places of business within the State, including at 11501 Alterra Pkwy, Austin, Texas 78758.  AWS, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent.  AWS is registered to do business in the State of Texas, and has appointed as their registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, for service of process.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  AWS is registered to do business in Texas, and upon information and belief, AWS has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the

Asserted Patent.  AWS has regular and established places of business in this District, including at 11501 Alterra Pkwy, Austin, Texas 78758.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 10,601,780

7.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,601,780, titled "Internet isolation for avoiding internet security threats."  The '780 Patent was duly and legally issued by the United States Patent and Trademark Office on March 24, 2020.  A true and correct copy of the '780 Patent is attached as Exhibit 1.

9.     On information and belief, Defendant has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation AWS VPC, AWS EC2, and AWS Network Firewall ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '780 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

10.     The Accused Products satisfy all claim limitations of one or more claims of the '780 Patent.  A claim chart comparing exemplary independent claim 11 of the '780 Patent to representative Accused Products is attached as Exhibit 2.

11.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, AWS has injured Plaintiff and are liable for infringement of the '780 Patent pursuant to 35 U.S.C. § 271.

12.     AWS also knowingly and intentionally induces infringement of one or more claims of the '780 Patent in violation of 35 U.S.C. § 271(b).  At least as of the filing and service of this complaint, AWS has knowledge of the '780 Patent and the infringing nature of the Accused Products through, for example, the '780 Patent claim chart served therewith.  Despite this knowledge of the '780 Patent, AWS continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 2) to use the Accused Products in ways that directly infringe the '780 Patent.  For example, AWS advertises the benefits of its network firewall functionality. *See* Ex. 3 (https://docs.aws.amazon.com/network-firewall/latest/developerguide/how-it-works.html); Ex. 4 (https://docs.aws.amazon.com/vpc/latest/userguide/what-is-amazon-vpc.html).     Further, AWS provides its users with instructions explaining how to configure the Accused Products in an infringing manner. *Id*.  AWS provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  AWS also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '780 Patent, thereby specifically intending for and inducing its customers to infringe the '780 Patent through the customers' normal and customary use of the Accused Products.

13.     AWS has also infringed, and continues to infringe, one or more claims of the '780 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '780 Patent, are especially made or adapted to infringe the '780 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  At least as of the filing and service of this complaint, AWS has knowledge of the '780 Patent and the infringing nature of the Accused

Products through, for example, the '780 Patent claim chart served therewith.  AWS has been, and currently is, contributorily infringing the '780 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, accused functionality supplied by AWS constitutes a material part of the inventions claimed in the '780 Patent, are especially made or adapted to infringe the '780 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 2.

14.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 because Plaintiff, any predecessor assignees to the '780 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '780 Patent during the relevant time period or were not otherwise required to mark during the relevant time period.

15.     As a result of AWS' direct infringement of the '780 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for AWS' infringement, but in no event less than a reasonable royalty for the use made of the invention by AWS, together with interest and costs as fixed by the Court.

16.     As a result of AWS' indirect infringement of the '780 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for AWS' infringement, but in no event less than a reasonable royalty for the use made of the invention by AWS, together with interest and costs as fixed by the Court, accruing as of the time AWS obtained knowledge of the '780 Patent.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.     A judgment in favor of Plaintiff that AWS has infringed, either literally and/or

under the doctrine of equivalents, the '780 Patent;

b.     A judgment and order requiring AWS to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for AWS' infringement of the '780 Patent;

c.     A judgment and order requiring AWS to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity.

d.     A judgment and order requiring AWS to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

e.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against AWS; and

f.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  April 16, 2024

Respectfully submitted,

By: */s/ Brett E. Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bclgpc.com
Seth Hasenour (TX SBN 24059910)
shasenour@bclgpc.com
Jonathan Yim (TX SBN 24066317)
jyim@bclgpc.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bclgpc.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100

*Attorneys for Plaintiff Croga Innovations Limited*