IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CROGA INNOVATIONS LTD., §
§
    Plaintiff, §
§
v. §                              1:24-CV-398-RP
§
AMAZON WEB SERVICES, INC., §
§
    Defendant. §

## ORDER

Before the Court is Defendant Amazon Web Services, Inc.'s ("Amazon") Motion to

Dismiss. (Dkt. 17). Plaintiff Croga Innovations Ltd. ("Croga") filed a response, (Dkt. 20), to which

Amazon replied. (Dkt. 22). Having considered the parties' submissions, the record, and the

applicable law, the Court will deny Amazon's motion.

## I. BACKGROUND

Croga owns U.S. Patent No. 10,601,780 ("the '780 patent"), titled "Internet Isolation for

Avoiding Internet Security Threats." (Compl., Dkt. 1, at 3). Croga alleges the '780 patent claims are

directed to "a system and method for providing and maintaining protection to a computer system in

order to allow safe internet browsing without the risk of internet and security threats. Specifically,

the disclosed invention provides a novel solution to the problems caused by exposure of a computer

network to harmful data referred to as 'malware' or malicious software." (Dkt. 20, at 3). Croga

explains that previous methods and systems for protecting a computer network from malware were

ineffective because they required the use of two computers or were software intensive. (*Id.* at 4).

According to Croga, the '780 patent solves these shortcomings by "utilizing a particular system

architecture that includes (1) a 'host system,' (2) a 'virtual system,' (3) a 'host-based firewall' executed

on the computer 'host' system that implements isolation between the computer system and the

network, (4) an 'internal firewall' to separate the 'host system' from the 'virtual system,' and (5) a 'network firewall' or 'web proxy' to protect the 'computer system,' which comprises both the 'host system' and the 'virtual system,'" among other architectural features. (*Id.* at 4–5). This architecture disclosed in the '780 patent provides for a secure system that protects against internet and security threats in a new way that provides clear improvements over the prior art, Croga alleges. (*Id.* at 5).

Croga brings patent infringement claims against Amazon. Croga alleges Amazon infringes the '780 patent by making, using, offering for sale, selling, and/or importing certain products and services, including AWS VPC, AWS EC2, and AWS Network Firewall ("Accused Products"). (*Id.* at 3). Amazon moves to dismiss Croga's complaint on the grounds that it fails to state a claim because the '780 patent is invalid for claiming patent-ineligible subject matter under 35 U.S.C. § 101. (Dkt. 17, at 1).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

Courts apply a two-part test to determine whether a patent is directed to eligible subject matter under 35 U.S.C. § 101. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217–221 (2014). First, a court must determine whether the claims at issue are "directed to a patent-ineligible concept." *Id.* at 287. Laws of nature, natural phenomena, and abstract ideas are not patentable. *Id.* at 216. If the claims are directed to a patent-ineligible concept, a court must proceed to step two, to "examine the elements of the claim to determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Id.* at 221 (quoting *Mayo Collaborative Servs. v. Prometheus Labs, Inc.*, 566 U.S. 66, 72 (2012)). An inventive

concept is an element or combination of elements that is "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id.* at 217–18 (internal alterations omitted). Step two is satisfied "when the claim limitations 'involve more than performance of well-understood, routine, [and] conventional activities previously known to the industry.'" *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1367 (Fed. Cir. 2018) (citing *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014)).

In the context of § 101 eligibility, the Federal Circuit has held that the second part of *Alice*'s two-step inquiry should be assessed according to the clear and convincing evidence standard. *Berkheimer*, 881 F.3d at 1368 ("Any fact, such as [whether a claim element or combination is well-understood or routine], that is pertinent to the invalidity conclusion must be proven by clear and convincing evidence."). "In other words, to prevail on a Rule 12(b) motion to dismiss on the grounds of ineligible subject-matter, the movant needs to overcome both a factual deck stacked against it and a heightened burden of proof." *Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*, No. W-19-CV-00257-ADA, 2020 WL 278481, at *4 (W.D. Tex. Jan. 10, 2020). Whether a patent is directed to patent-ineligible subject matter may be resolved on a 12(b)(6) motion to dismiss, but only when "there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018).

In its motion to dismiss, Amazon argues the '780 patent fails under step one of *Alice* because the claims are directed to an abstract idea. (Dkt. 17, at 6). Amazon frames the claims as directed to "the abstract idea of limiting access to harmful information." (*Id.* at 7). Amazon further argues Croga's patent fails under step two of *Alice* because the claims fail to recite an inventive concept. (*Id.* at 10). In response, Croga argues Amazon oversimplifies the claims to reach a level of generality needed to force the claims into the abstract idea exception to § 101 patentability. (Dkt. 20, at 8).

Instead, according to Croga, the '780 claims are directed to "a tangible improvement to computer network security by using a particular system architecture that includes a combination of (1) a 'host system' and a 'virtual system' with (2) an 'internal firewall,' a 'host-based firewall,' and a 'network 8 firewall' or 'web proxy.'" (*Id.* at 7–8). Croga then argues that even if the claims are directed to an abstract concept, it prevails under step two of *Alice* because the '780 patent claims inventive combinations: "a new computer network architecture in which a host-system remains isolated from the Internet via a host-based firewall and from a virtual system by means of an internal firewall, in order to prevent malware intrusion to the host-system while still allowing full access to the Internet via the virtual system." (*Id.* at 16). At the least, Croga argues, there are issues of fact regarding whether or not the claimed inventions of the '780 Patent were well-understood, routine, or conventional in the context of computer network security, and Amazon's motion should be denied for this reason as well. (*Id.* at 2–3).

The Court finds it prudent to defer the question of patent eligibility. Several factors favor delaying the Court's § 101 analysis: 1) claim construction briefing with the Court is soon to commence; 2) fact discovery has not begun; and 3) the difficulty of applying the *Alice* test factors. *See Slyce Acquisition*, 2020 WL 278481, at *5–8 (considering the same factors and concluding "delaying the determination of a patents § 101 eligibility is the wisest course of action"); *see also AML IP, LLC v. J. C. Penney Corp. Inc.*, No. 6:21-CV-00522-ADA, 2022 WL 10757631, at *7 (W.D. Tex. Oct. 18, 2022) ("This Court typically reserves its ruling on patent eligibility for a later stage of litigation.").

First, the claim construction process is underway, with briefing to be filed with the Court this month. (*See* Dkt. 27, at 2–3). As the Federal Circuit has noted, "it will ordinarily be desirable— and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273–74

(Fed. Cir. 2012). Determining the meaning and scope of the '780 patent's claims will give the Court a more informed view of what the claims are directed to, especially considering "in [] cases involving computer-related claims, there may be close calls about how to characterize what the claims are directed to." *Enfish, LLC v. Microsoft Corp.,* 822 F.3d 1327, 1339 (Fed. Cir. 2016). Croga and Amazon compete to frame what the '780 patent's claims are directed to. Amazon frames the claims broadly as "the abstract idea of limiting access to harmful information," (Dkt. 17, at 7), in contrast to Croga's narrower framing that the claims are directed to "a tangible improvement to computer network security by using a particular system architecture," (Dkt. 20, at 7). Because the § 101 analysis turns at least in part on the characterization of what the claims are directed to, the Court finds it desirable to delay this determination until claim construction provides a fuller understanding of the claimed subject matter.

Second, because the parties dispute not only the claims as an abstract idea, but also the claims presenting an inventive concept under step two of *Alice*, fact discovery could assist the Court's analysis. Discovery could inform whether the '780 patent's claims perform well-understood, routine, and conventional activities that are previously known to computer network security or rather involve more to elevate it to an inventive concept. *See Slyce Acquisition*, 2020 WL 278481, at *6. Because Amazon must provide clear and convincing evidence that the claims do not provide an inventive concept, the Court finds conducting this analysis before the commencement of fact discovery is premature in this case. *See id.*

Lastly, when conducting the *Alice* analysis, the "lack of predictability and consistency is widely known," especially when declaring subject matter patent-ineligible on grounds of the claims being directed to an abstract idea. *Id.* at 6–7. Rather than risk adding to these inconsistencies by ruling now on the issue of patent eligibility, the Court finds it will benefit from spending more time with the patent's claims during claim construction and discovery, and the parties will benefit from

the Court making a more informed decision. Therefore, the Court denies Amazon's motion to dismiss at this time, but will permit Amazon to refile on grounds of patent-ineligible subject matter after claim construction is complete and fact discovery has opened.

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Amazon's motion to dismiss, (Dkt. 17), is **DENIED.** Amazon may refile its motion to dismiss, if it so chooses, after the issuance of the Court's claim construction order and once fact discovery is open.

**SIGNED** on February 19, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

7